### Charles P. Rogers v. The State.

No. 3852.   Decided December 1, 1915.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Self-defense—Insanity—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of murder, the defendant pleaded self-defense and insanity and the court submitted these issues in a proper charge to the jury, to which there was no objection, and the evidence was sufficient to sustain a conviction of murder, there was no reversible error.

**3.—Same—Allusion to Defendant's Failure to Testify.**

Where, upon trial of murder, the defendant complained that State's counsel in the examination of one of the witnesses, alluded to defendant's failure to testify, but it appeared in the record on appeal that what occurred could not properly be regarded as an allusion to defendant's failure to testify, and, at the most, was a bare allusion, if any, there was no reversible error. Following Gatlin v. State, 72 Texas Crim. Rep., 516.

**4.—Same—Husband and Wife—Cross-examination—Bill of Exceptions.**

Where, upon appeal from a conviction of murder, defendant complained of the State's cross-examination of his wife, but the bill of exceptions failed to show what the wife had testified to on direct examination, and, besides, that the court sustained defendant's objection to the questions propounded by the State and that the witness was not permitted to answer them, there was no reversible error.

**5.—Same—Evidence—Insanity—Cross-examination—Expert Witness.**

Where, upon trial of murder, defendant pleaded insanity and introduced an expert witness whose testimony tended to show insanity of defendant, there was no error in permitting the State's counsel on cross-examination of said

witness to show that neither of the physical ailments or defects of defendant in the opinion of the witness showed that defendant was insane, without grouping all of them as a hypothetical question.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of murder; penalty, twelve years imprisonmest in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, *John H. Crooker,* District Attorney, *T. J. Harris,* and *E. T. Branch,* for the State.—On question of cross-examination of witness on question of insanity: Kirby v. State, 68 Texas Crim. Rep., 63.

On question of defendant's failure to testify: Burks v. State, 55 S. W. Rep., 824; Bosley v. State, 69 Texas Crim. Rep., 100; Gatlin v. State, 72 Texas Crim. Rep., 516; Henry v. State, 54 S. W. Rep., 592; Wilkerson v. State, 57 S. W. Rep., 956.

PRENDERGAST, Presiding Judge.—Appellant was convicted of murder and his penalty assessed at twelve years in the penitentiary. The evidence conclusively establishes that appellant killed the deceased. From the State's standpoint and evidence, the killing was a most atrocious and horrible murder. A detail of the evidence is unnecessary.

Appellant's defenses were self-defense and insanity. Both these questions were submitted in proper charges by the court, to which there was no objection. The evidence on both issues was amply sufficient to justify the jury in believing neither, which they evidently did.

On his insanity defense appellant introduced one doctor, who, in effect, testified of his physical examination of appellant and to various physical ailments or defects, and in addition that, from all these and the appellant's own statements to him, it was his opinion that appellant was insane at the time he killed deceased. On the other hand, the State introduced two or three doctors, experts, who testified as to their examination of the appellant, and they testified he was sane. In addition, the State introduced some two non-expert witnesses, who showed a knowledge and familiarity of appellant to such an extent and for such a length of time that they each in effect testified that, in their opinion, he was not insane. It is unnecessary to recite all this testimony. It was amply sufficient to establish, and from it the jury were clearly authorized to find, as they did, that he was not insane but sane at the time he killed the deceased.

In appellant's first bill of exceptions he, in effect, complains that the prosecuting attorney in the examination of one of the doctors, alluded to appellant's failure to testify. What occurred is shown by the court's statement and qualification in approving the bill, which is:

"The defendant had testified in the examining court in his own behalf, his testimony in the examining court, both direct and cross, was offered in evidence upon the trial of this case unobjected to, the State having offered the cross-examination of the defendant's testimony in the examining court and the defendant having offered his direct testimony.

"Defendant's counsel propounded to the witness Dr. Greenwood the following question: 'His house was exposed in sixty-five feet of him, day and night, there was nothing could go on there unseen and unknown to him, and notwithstanding his opportunity of knowing and notwithstanding the fact that he was never able to give one fact or circumstance upon which to base his suspicion.'

"State's counsel remarked, 'We have never had a chance to question this defendant on that, Guy (meaning Guy Graham, counsel for the defendant), in stating that.'

"Defendant's counsel, Mr. Graham, remarked to the court, 'I want to except to the counsel's remarks as being an inference that is inhibited by law.'

"The court instructed the jury to pay no attention to the remark of the district attorney.

"State's counsel then and there stated that he was alluding to the testimony given by the defendant at the examining trial. Counsel for the defendant, Mr. Graham, objected to this last remark of the district attorney.

"These were the only objections made by the counsel for the defendant, and with this explanation the above bill is approved and ordered filed in the record of this case, this the 28th day of August, A. D. 1915."

In our opinion, this could not properly be regarded as an allusion to appellant's failure to testify; but, if it was, it was a bare allusion, and under the circumstances stated by the bill, it would neither require nor authorize a reversal by this court. Gatlin v. State, 72 Texas Crim. Rep., 516; Vickers v. State, 75 Texas Crim. Rep., 12, 169 S. W. Rep., 669; Cooper v. State, 72 Texas Crim. Rep., 266, and authorities cited in these cases. It is useless to collate the other authorities to the same effect.

Appellant's next bill complains of the State's cross-examination of appellant's wife. The bill in no way shows what the wife had testified on direct examination. It gives the questions and answers of her on cross-examination, to which appellant objected. The effect, without copying the questions and answers, is that she was present and heard the testimony during the examining trial of appellant. Then the State asked her: "You knew, then, you thought, there was something the matter with your husband's mind, didn't you?" She answered: "Yes, sir." She was asked: "You recall the testimony there, something about a trip to New Orleans?" She answered: "Yes, sir." She was then asked: "You recall some remarks that Mr. Graham made to me there in your presence?" Appellant then objected that such remarks would be inadmissible. The State then asked: "You recall when I

asked him about a trip to New Orleans and whether or not he had anything the matter with his mind, and Mr. Graham assured me that there would be no insanity interposed in this case?" The appellant objected and stated that that had been ruled out once. The court then sustained appellant's objection, and the witness did not answer. The court in qualifying the bill on this question states that the witness was not permitted to answer the questions. This' bill presents no error.

Appellant's third bill is very lengthy. It is unnecessary to copy it. It contains the questions and answers of Dr. Ross, appellant's only expert witness, on the cross-examination of him by the State, wherein the State took up separately and asked Dr. Ross if either of the physical ailments or defects of appellant in his opinion would show that appellant was insane. He answered they would not. Appellant's objection to this was that it was unfair to appellant to ask about these separate and distinct things, but that all of them should have been grouped, and from them as thus grouped as a hypothetical question Dr. Ross should have been asked whether or not in his opinion from them all appellant was insane. We think that appellant's objection is untenable; that the State's cross-examination of his witness was entirely proper and justifiable.

The same character of examination was indulged in an examination of Dr. York by the State. This likewise presents no error.

These are all the questions raised in this case. No error is shown, and the judgment is affirmed.

*Affirmed.*