CLEVE YARBOROUGH v. THE STATE.

No. 8938.   Delivered April 22, 1925.

Delivered on reinstated Appeal May 20, 1925.

Rehearing denied June 17, 1925.

1.—Transporting Intoxicating Liquor—Appeal Dismissed—Defective Caption.

The caption being defective as revealed in record in that it does not state the date of the adjournment of the trial court, the appeal on motion of the state is for that cause dismissed. Following Lowry v. State, 244 S. W. 147.

2.—Same—Transcript Corrected—Appeal Reinstated.

By certificate of the proper official it is now shown that this omission in the caption was the result of lack of knowledge of the parties preparing the transcript. The omission being corrected the appeal is reinstated.

3.—Same—Continuance—Properly Refused.

A motion for a continuance was presented by appellant, on account of the absence of two witnesses. A postponement was granted, and when the case was again called, the motion was renewed, though one of the absent witnesses was present. On the trial one of the co-defendants, the absent witness, was tendered to appellant as a witness and the case against him dismissed, but appellant refused to use him as a witness. There was no error in refusing the continuance.

**4.—Same—Special Judge—By Agreement—Held Qualified.**

Where a regular judge is disqualified, under Sec. 11 of Art. 5 our constitution a special judge may be selected by agreement of the state and defendant. Such agreement need not be in writing. When such special judge has been agreed to by defendant, he will not thereafter be heard in attacking the qualifications of such special judge. Following Early v. State, 9 Tex. Crim. App. 484.

**5.—Same—Bill of Exception—Incomplete—Presents, No Error.**

While an accomplice to the offense was testifying for the state he was asked who made the whisky, to which he replied that he could not tell, he could tell of whisky being made but whether it was this same whisky or not he could not tell. Nothing further appears in the bill. No error is perceived.

**6.—Same—Statement of Counsel—In Presence of Jury—Not Improper.**

Where counsel for the state in the presence of the jury announced that the case against Payton, he being a party implicated with appellant, who was present, would be dismissed. We are unable to see wherein such proceeding could have been harmful to appellant.

**7.—Same—Argument of Counsel—Held Proper.**

Where appellant had moved for a continuance on account of the absence of the witness Payton, who on his appearance on the trial was tendered, appellant as a witness, and the indictment against him dismissed so that he might be used as a witness by appellant, it was not error for state's attorney in his argument to remark that Lonnie Payton was clamored for by appellant as a witness, and when turned over to him had not been used.

**8.—Same—Bills of Exception—Incomplete—Not Considered.**

Where bills of exception complain of questions asked a witness, without setting out the answers of such witnesses, they present nothing for review to this court.

**9.—Same—Evidence—When Harmless—No Error.**

Numerous objections were made by appellant to the testimony of the witness Hoyt who was an accomplice. None of his answers to these questions were of a harmful character, and all were properly admitted, no error being discovered.

**10.—Same—Argument of Counsel—Bill of Exception Incomplete—No Error Presented.**

Where an objection is presented to argument of counsel, and the bill fails to give any explanation or surrounding of the argument, we are not able to say whether it was legitimate or pertinent to the testimony or not.

Appeal from the District Court of Houston County. Tried below before the Hon. Ben F. Dent, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Aldrich & Crook,* for appellant.
100 Tex. Crim.—31.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Houston County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

We find in the record a motion on the part of the State's Attorney to dismiss the appeal because of the fact that the caption does not state the date of the adjournment of the trial court. An examination of the record reveals the fact that the motion is well taken. The caption states that the court began on the 24th day of March, 1924, but does not state when same adjourned. The matter is discussed in Lowrey v. State, 244 S. W. Rep. 147, which cites authorities supporting the proposition here advanced by the State.

The appeal is dismissed.

*Dismissed.*

ON MOTION TO RE-INSTATE APPEAL.

LATTIMORE, JUDGE.—The appeal in this case was dismissed at a former time for failure of the caption to show the date of the adjournment of the trial term of the court below. By certificate of the proper official it is now shown that this omission in the caption was the result of the lack of knowledge of the parties preparing the transcript. The omission is now corrected, the appeal re-instated and the case will be decided on its merits.

There are sixteen bills of exception. A continuance was asked because of the alleged absence of two witnesses. The application was contested and the fact established that the two absent witnesses were under indictment for the same offense, act and transaction charged against appellant. The case was postponed, however, and when again called for trial the application was renewed for one of said alleged absent witnesses, it being then stated that the other witness for whom the first application was made, was present. It appears from the record without dispute that the absent witness was indicted for complicity in the same act and transaction herein charged, and also that the other witness for whom application was first made, who was shown to be present at this trial, was tendered to appellant after his case had· been dismissed, and that appellant declined to use him as a witness. Under these facts we deem it no error to refuse the original and supplemental applications for continuance. What we have just said also applies to the matters set up in appellant's bill of exceptions No. 2, wherein he moves the court to first dispose of the cases against said two other parties, alleging that they are material witnesses for him on this trial. We find in the record no motion for severance. In addition we make the

same statement as is above set forth, viz: that appellant declined to use the one of said co-indictees whose case was dismissed and was tendered to him as a witness.

There appears a bill of exceptions setting forth some character of objection on the part of appellant to being tried before the learned special judge sitting in this case. The objection seems to be made by attorneys representing appellant on the date of the trial. It appears in various ways in the record that on a day prior to the day set apart for the trial of this case, because of the disqualification of the regular judge, that the attorney then representing appellant agreed with the State's attorney upon the question of disqualification of the regular judge, and also that the special judge who acted in this case should by agreement sit as judge herein. It is provided in Sec. 11 of Art. 5 of our Constitution that where the regular judge is disqualified, the parties may agree upon a special judge. A similar matter is discussed in Early v. State, 9 Texas Crim. App. 484. The point made by appellant in the bill of exceptions under discussion is that the agreement between appellant's former attorney and the State to try this case before the learned special judge in question, was not reduced to writing. We find nothing in the Constitution, statutes or any decision upholding appellant's contention in this regard.

At the time of appellant's arrest in a car which he was driving and in which was found a quantity of whiskey, a young man named Hoyle was an occupant of the car. Hoyle was used as a witness by the State. Appellant's fourth bill of exceptions complains that while this witness was testifying he was asked, ''Who made the whiskey?'' to which he said he could not tell,—he could tell of whiskey being made, but whether it was this same whiskey or not, he could not tell. At this point of the testimony witness was interrupted by an objection, and the bill sets out no further testimony on the point. We perceive no error in the matter.

There is a bill of exceptions complaining that in the presence of the jury the State's attorney announced that he wished to dismiss the case against one Payton, he being the party implicated with appellant, who was present. The complaint of appellant goes no further than to say that to state in the presence of the jury that the case against Payton will be dismissed was hurtful to him. We regret we cannot agree.

Appellant having asked for a continuance because of the absence of Payton, and Payton having been brought to court and the case against him dismissed and he then tendered to appellant as a witness,—upon appellant's refusal to use him as a witness in his behalf—we see no error in the State's attorney remarking to the jury that Lonnie Payton was clamored for by appellant as a

witness and that he was turned over to him but had not been used as such witness.

Bill of exception No. 7 complains of the asking of witness Hoyle what his business was at the church on a certain night. If any answer was made by the witness, it is not set out in the bill of exceptions, which presents no error. This same failure to set out the answer of witness to a question objected to appears in the eighth bill of exceptions, which also sets out an objection to a statement by witness Hoyle with reference to a box of whiskey, which was in appellant's car when they left appellant's house. We perceive no error in this matter.

Hoyle testified that on the way while he and appellant were driving the car in which was a box of whiskey, they had a flat and the box of whiskey was taken out of the car and set by a bush. He was asked who took the box of whiskey out of the car and replied that he did not see it when it was taken out. We see no objection to this testimony. Another bill complains of the fact hat Hoyle was asked by the State who made the whiskey in question, and to his being permitted to reply that he did not know, that he made some whiskey, but that he could not tell whether it was the same whiskey being transported in the car at the time of the arrest. Another complaint is directed at Hoyle being asked by the State as to the purpose for which the whiskey was made on Friday night, this apparently being the night of the arrest. The answer of the witness was that he was under appellant's employ,—was working for him by the month. If there be any harmful matter in this we do not quite see it. Hoyle was asked if he knew who had peddled whiskey for appellant "before that time" and answered that he did not. The objection to this was sustained and the jury instructed not to consider same. The objection to the testimony of the witness Hoyle going with the sheriff and showing him where he had appellant had been making whiskey seems a matter of no possible harm to appellant.

There is also complaint of the statement by State's attorney in argument that it would have been a shame to have permitted appellant, as old a man as he is, to turn State's evidence against this boy and send him to the penitentiary and let the defendant come clear. We are not given any setting or surrounding of the argument in this bill and for aught we know it may have been pertinent to the testimony and perfectly legitimate. We see no error in same.

The fifteenth bill of exceptions was to the refusal of a new trial, the motion for which was controverted by the State. The only dispute of fact upon which the court heard evidence by affidavits, seems to be the proposition of the agreement to try the case before the special judge mentioned. This is also the subject of the sixteenth

bill. We perceive no error in the action of the trial court in regard to same.

The judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, Judge.—We discussed as carefully as we could. and at some length, each complaint made by appellant, in our original opinion. Nothing appears in the motion for rehearing complaining that we overlooked any of the contentions in our original opinion, nor is there any insistence that we misunderstood or misstated any part of the record. We are not cited to any authorities in the rather lengthy motion. Merely to restate the various contentions urged and to elaborate matters already carefully considered and decided adversely to appellant, would seem to call for no extended discussion on our part.

The motion for rehearing will be overruled.

*Overruled.*