## CLIFFORD BLACKWELL V. THE STATE.

### No. 9870. Delivered March 3, 1926.

**1.—Murder—Charge of Court—On Provoking the Difficulty—Held Erroneous.**

Where, on a trial for murder, the father of appellant being jointly indicted for the homicide, it was error for the trial court in his charge on the issue of the co-defendant having provoked the difficulty, with the knowledge of appellant, to limit the right of self-defense of appellant, if his father had, with his knowledge, sought a meeting with deceased for the purpose of inflicting death or serious bodily injury upon the deceased.

**2.—Same—Continued—Approved Charge.**

An accused may seek a party with intent to provoke a difficulty, but he does not forfeit his right of self-defense, unless, after he has found his adversary, by words or acts, or both, he then in fact says or does something that provokes his adversary into making an attack upon him. An approved charge on provoking the difficulty can be found in Mason v. State, 228 S. W. 952. Also see Caraway v. State, 263 S. W. 1063, and other cases cited.

Appeal from the District Court of Coryell County. Tried below before the Hon. Joe H. Eidson, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*T. R. Mears* and *McClellan & Cross,* of Gatesville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, Judge.—The offense is murder and the punishment is five years in the penitentiary.

The appellant and his father, Ed Blackwell, were each indicted for the killing of Potter Wolfe. The appellant, Clifford Blackwell, was alone placed on trial. The facts proved by the State are sufficient if believed by the jury to show an unprovoked killing. The appellant's testimony clearly raised the issue of self-defense. The court gave in charge at the request of the State the following:

"At the request of counsel for the State I give you the following in charge as the law applicable to this case to be considered by you equally as though embraced in the main charge. If you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Clifford Blackwell, at the time that he shot and killed the deceased, if you find that he did so, knew that his father, Ed Blackwell, had sought a meeting with the deceased for the purpose of inflicting death or serious bodily injury upon the deceased, and you further find from the evidence, beyond a reasonable doubt, that the defendant, Clifford Blackwell, knowing all these facts, had come to the rescue of his father when his father was driven to the extremity of defending his own life, if you find that he was driven to such an extremity from all the facts in evidence before you, and shot and thereby killed the deceased under such circumstances, then you will find the defendant guilty and assess his punishment in accordance with other instructions given you in the main charge. In this connection, however, you are instructed that the acts, if any, of the said Ed Blackwell in the bringing on of said difficulty and seeking the deceased, if you find that he did so from the evidence before you beyond a reasonable doubt, would in no wise be binding upon the defendant unless you find from the evidence that the defendant knew of same."

The appellant pertinently objected to the giving of this charge, first on the ground that the issue of provoking the difficulty by Ed Blackwell was not in the case, and second that the charge of the court upon that issue does not properly state the law on provoking a difficulty. We cannot agree with appellant's first contention. We think the evidence is perhaps sufficient to raise the issue of provoking the difficulty on the part of Ed Blackwell. The charge as given on this issue, however, is not a correct statement of the law and even if Ed Blackwell himself had been on trial it would not have been a correct exposition of the law. It will be observed that the court tells the jury that if they believed that at the time the defendant

shot and killed the deceased he knew that his father, Ed Blackwell, had sought a meeting with the deceased for the purpose of inflicting death or serious bodily injury upon the deceased, and if they further find from the evidence beyond a reasonable doubt that Clifford Blackwell knowing all these facts, had come to the rescue of his father when his father was driven to the extremity of defending his own life, and shot and thereby killed the deceased under such circumstances, then to find the defendant guilty and assess his punishment according to the other instructions. This charge is criticized in many ways by the appellant, and we think justly so. An accused may seek a party with intent to provoke a difficulty, but he does not forfeit his right of self-defense unless after he has found his adversary by words or acts or both he then in fact provokes the difficulty. In fact, it has been held that he must go further than even this before his right of self-defense can be so limited. He must not only have intended to provoke his adversary in order to gain the vantage ground of acting apparently on the defensive, but he must do something or say something, either or both, with the intention and purpose of causing his adversary to make the attack, and then the things he does or says must be reasonably calculated to effect that object. Mason v. State, 228 S. W. 952; Caraway v. State, 263 S. W. 1063; Woodward v. State, 97 S. W. 499; Vann v. State, 77 S. W. 813.

The question of a correct charge on provoking the difficulty is very fully and learnedly discussed by Judge Hawkins in the Mason case, supra, and the charge given in this case in no wise complies with the rules there announced.

In view of another trial, we think it proper to say that the appellant should be permitted to prove the statements made to him by Ed Blackwell as to what Blackwell told the appellant as to where he was going and why he left the appellant to go to the church-house where the difficulty subsequently occurred. The other complaints raised by the appellant which are likely to occur on another trial we think are without merit.

For the errors above discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.