CLIFFORD BLACKWELL V. THE STATE.

No. 10637.   Delivered February 23, 1927.

Rehearing denied May 11, 1927.

**1.—Murder—Defendant's Failure to Testify—Incidental Reference—Not Reversible Error.**

Where, on a trial for murder, not having testified as a witness, the defendant introduced a witness by whom he sought to prove his good reputation.   State counsel objected to the testimony because the defendant had not taken the stand, and at this stage of the case his general reputation was not in issue.   The statement complained of was only an incidental reference to the defendant's failure to testify, and this court has held many times that such references are not always sufficient ground for a reversal. See Gatlin v. State, 72 Tex. Crim. Rep. 516; Rogers v. State, 180 S. W. 674, and Henson v. State, 168 S. W. 89.

**2.—Same—Misconduct of State's Counsel—Not Reversible Error.**

Where, on her cross-examination, a state's witness stated that she had testified upon the former trial of the case, the state's counsel, interrupting the examination, said that she was thinking of the Ed Blackwell, and not the Clifford Blackwell case, a reversal would not be warranted for this improper prompting of the witness, although it is improper for attorneys to interfere with each other in such matters, or to attempt to assist a witness.

**3.—Same—Impeaching Witness—Held Proper.**

Where the father of appellant had testified on direct examination by the appellant that he had never owned or carried a pistol, there was no error in permitting the state to prove by a witness that he had seen the father of the defendant with a pistol.   The testimony was material in support of the state's theory that a pistol found near the body of the deceased shortly after the homicide was placed there by appellant's father.

**4.—Same—Requested Charge—Issue Properly Submitted.**

Where a homicide resulted from a difficulty between appellant and his father, Ed Blackwell, and the deceased, appellant's requested charge to acquit him if there was a reasonable doubt in the mind of the jury that the complete destruction of deceased was caused by the act of appellant. This issue was correctly presented to the jury in the main charge of the court, and two special charges requested by appellant which were given.

**5.—Same—Charge of Court—On Issue Not Raised—No Error Shown.**

Where appellant complains of the court's failure to charge tne jury that the appellant's father, Ed Blackwell, who was engaged with appellant in the difficulty with deceased, had the right to pursue the deceased as long as he believed that such pursuit was necessary to protect his own life, and there was no evidence in the case presenting such issue, the court properly declined to submit such theory in his charge.

**6.—Same—Charge of Court—Suspended Sentence—Rule Stated.**

Where an application for a suspended sentence is filed, and there is nothing in the record showing that there was any contention on the part of the state that such plea was any evidence of guilt, there was no error in the court's failure to charge the jury that the filing of such plea could not be considered, as evidence of guilt. See Hendley v. State, 250 S. W. 174, and Campbell v. State, 84 Tex. Crim. Rep. 89.

**7.—Same—Argument of Counsel—Appellant's Failure to Testify—Rule Stated.**

Where state's counsel in his argument criticises appellant for his failure to prove cogent facts, which were shown to have been within the knowledge of other witnesses than himself, such argument will not be construed as a reference to the defendant's failure to testify. See Patton v. State, 287 S. W. 51.

**8.—Same—Argument of Counsel—Must Be Excepted To—Rule Stated.**

To bring forward for review by this court complaint of the argument of state's counsel, the bill of exception must show that the court's attention was called to the argument, and an exception taken thereto at the time it was made, and not after the argument is concluded. See Smith v. State, 104 Tex. Crim. Rep. 616, and other cases cited.

**9.—Same—Evidence—On Collateral Issue—Properly Excluded.**

Where appellant sought to prove by a doctor how water in a well might become contaminated with typhoid germs, and be communicated to a person drinking the water, and this issue had no relation to the homicide, there was no error in excluding this immaterial testimony.

**10.—Same—Charge of Court—Must Be Excepted To—Rule Stated.**

The court's charge must be excepted to both for errors of commission and omission before same is read to the jury. Appellant's objection to the court's charge in failing to submit the law of self-defense as applied to himself, presented in his brief, cannot be considered, the failure to so charge not having been objected to before the main charge was read to the jury. See Art. 658, C. C. P.; Garner v. State, 99 Tex. Crim. Rep. 618, and other cases cited.

ON REHEARING.

**11.—Same—Defendant's Failure to Testify—Incidental Reference Thereto— Not Reversible Error.**

Where, during the progress of the trial, and before the evidence is concluded, state's counsel objected to an effort of appellant to prove his general reputation as a peaceable, law-abiding citizen, under the mistake that the inquiry was directed to his general reputation for truth and veracity, we do not believe the incident would warrant the reversal of the case. See Bosley v. State, 69 Tex. Crim. Rep. 100, and Deal v. State, 99 Tex. Crim. Rep. 385.

**12.—Same—No Error Disclosed.**

Several other matters presented by appellant in his motion for rehearing have been carefully considered, but without convincing us that the disposition made of them in the court's original opinion was not correct, and the motion for rehearing is overruled.

Appeal from the District Court of Coryell County. Tried below before the Hon. Joe E. Eidson, Judge.

Appeal from a conviction of murder, penalty seven years in the penitentiary.

This is a second appeal of this case. The first appeal will be found in 281 S. W. 213, where some of the facts are set out and discussed.

*T. R. Mears* of Gatesville, for appellant. On reference to appellant's failure to testify, appellant cites: Gothard v. State, 270 S. W. 177; Grimes v. State, 271 S. W. 898; Eiland v. State, 244 S. W. 528; Hext v. State, 271 S. W. 815, and Billberry v. State, 281 S. W. 1082.

*McClellan & Cross* of Gatesville; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of murder, and his punishment assessed at seven years in the penitentiary.

This is the second appeal of this case to this court. The first appeal will be found in 281 S. W. 213, where some of the facts are set out and discussed. It might be well to state in this connection that the appellant failed to testify in his own behalf.

The record contains eight bills of exception. Bill No. 1 complains of the statement of the private prosecuting attorney R. B. Cross, while objecting to the action of appellant's counsel in seeking to prove the good reputation of appellant as being a peaceable, law-abiding citizen as follows: "If the court please,

the defendant has not taken the stand, and at this stage of the case his general reputation is not admissible and we object to it." The objection to said remark was sustained by the court and the jury were instructed not to consider it for any purpose. The appellant contends that the attorney's reference to the defendant's failure to testify in the presence of the jury was such harmful error that the court could not withdraw same from the jury. We are of the opinion that this contention cannot be sustained, as the statement complained of in this bill appears to have been only an incidental reference to the defendant's failure to testify, and was not of such a harmful nature that the court could not withdraw it from the jury. This court has held many times that incidental references to the defendant's failure to testify are not always sufficient for a reversal. Gatlin v. State, 72 Tex. Crim. Rep. 516; Rogers v. State, 180 S. W. 674; Henson v. State, 168 S. W. 89.

In bill No. 2 complaint is made to the action of said attorney Cross, while the appellant was cross-examining the state's witness Mrs. W. F. Broomfield and interrogating her as to being certain that she had formerly testified in this appellant's case, in stating to said witness that she was thinking of the "Ed Blackwell and not the Clifford Blackwell case." The appellant contends that the assistance given the state's witness by the private prosecutor was harmful in depriving him, appellant, of the privilege of testing properly the witness' memory. As we understand it, this bill discloses that the witness was mistaken as to having testified on the former trial of this case, and really intended to refer to her testimony in the Ed Blackwell case. We are of the opinion that this error was not of such harmful nature as to require a reversal of this case. The bill shows that the witness was mistaken, which would serve the purpose which the appellant sought to reach by his method of interrogation. While it is improper for attorneys to interfere with each other in such matters, or attempt to assist a witness, still we think this court should not reverse a case on such a ground as this unless it is shown that the appellant was injured thereby, which the bill in the instant case fails to do, in our opinion.

Bill No. 3 complains of the action of the court in permitting the state to show by the witness Orville Hill that he had seen the father of the appellant, Ed Blackwell, with a pistol. The court qualifies this bill by stating that Ed Blackwell testified on direct examination that he had never owned or carried a pistol, and that just after this homicide was committed he and the appellant were present when a pistol was found at the scene of the homicide. This bill, as qualified, shows no error.

The state should have been permitted to contradict the testimony of Ed Blackwell, if it could, by showing that his statement relative to having a pistol was untrue. It was evidently the state's contention that the pistol found at the scene of the homicide shortly thereafter was not the pistol of deceased, but was placed there by someone in the interest of the appellant.

Bill of exception No. 4 complains of the refusal of the court to give in charge to the jury appellant's special charge No. 1 to the effect that unless the jury believed beyond a reasonable doubt that the complete destruction of the life of deceased was caused by the act of appellant, to acquit him. From this bill, it appears that the appellant's complaint is based upon the fact that the jury should have been told that if the deceased died from the effects of his fight with appellant's father, then the appellant should be acquitted. We think the court's main charge on this issue, supplemented by special charges Nos. 2 and 3 given by the court at the request of appellant, sufficiently presented this issue to the jury. In special charge No. 2 the court charged the jury that if they believed from the evidence that the acts of Ed Blackwell caused the death of the deceased, or if they had a reasonable doubt thereof, to acquit the appellant. In special charge No. 3 the jury were instructed that the motive, acts and intent of Ed Blackwell in the difficulty with deceased could not in any manner bind the appellant unless same were known and adopted by him.

In bill No. 5 complaint is made to the court's charge in that it did not inform the jury that Ed Blackwell had the right to pursue the deceased as long as he believed that such pursuit was necessary to protect his life, and that if he did pursue the deceased, same would not be a limitation of the appellant's right of self-defense. We are of the opinion that the facts in this case did not call for such a charge. There is no evidence showing that at the time appellant shot the deceased the appellant's father, Ed Blackwell, was pursuing the deceased in order to prevent deceased from killing him or inflicting serious bodily injury upon him. On the contrary, all of the evidence shows that at the time the fatal shot was fired by appellant Ed Blackwell was making no effort toward pursuing deceased, nor was deceased retreating from Ed Blackwell.

In bill No. 6 complaint is made to the refusal of the court to charge the jury that the fact that the appellant had filed an application for suspended sentence could not be considered as evidence of his guilt. There is nothing in this bill, or in the record, showing that there was any contention by the state that the filing of such an application was evidence of guilt, and

in the absence of such an issue it was not necessary for the court to give such a charge. Hendley v. State, 250 S. W. 174; Campbell v. State, 84 Tex. Crim. Rep. 89.

Bill No. 7 complains of the remarks of the attorney Cross, in his closing argument to the jury, as follows:

"The defense contends that the court's charge instructs you to view this matter from the standpoint of the defendant. What was his standpoint from all the facts in the case, according to his own witnesses? According to all the witnesses, where was he and what was his viewpoint? None of them say where Clifford was."

It is contended by the appellant that this argument was an indirect reference to the failure of the appellant to testify. We are not in accord with this contention. This court has repeatedly held that such an argument does not bear such a construction unless there is no other person except the appellant to whom such an argument could refer. In the instant case the record discloses that several of the appellant's brothers knew where he was at the time of the fight between deceased and appellant's father began, and when the appellant ran to the scene of the difficulty there were many witnesses present who testified to what they saw and what was done thereafter. This argument could have referred to anyone else as well as to the appellant, and there is no merit in appellant's contention. Patton v. State, 287 S. W. 51. This bill further discloses that the court's attention was not called to the argument, nor any bill of exception taken thereto, at the time it was made, but that the court's attention was called to same after all the argument was over. In the case of Smith v. State, 104 Tex. Crim. Rep. 616, 286 S. W. 223, this court held that an objection and exception to the argument of a private prosecuting attorney was not sufficient to show error when the exception was not taken during the argument and at the time it was made. Also see Harris v. State, 93 Tex. Crim. Rep. 544, 249 S. W. 485; Simmons v. State, 93 Tex. Crim. Rep. 421, 248 S. W. 392.

Bill No. 3 complains of the refusal of the court to permit the appellant to show by Dr. Haynes that he had attended appellant's brother on the 19th of July, 1925, following the homicide on June 6th, and that appellant's brother was suffering from typhoid fever; that after investigating the entire premises, except a shallow well near the scene of the homicide, he was unable to find any place suitable for producing the typhoid germs; that said germs could pass from the bowels of a well person into a shallow well and there multiply and remain indefinitely; and that said germs could be transferred to people drink-

ing therefrom. It was the contention of the appellant that this testimony was admissible for the purpose of corroborating the testimony introduced in his behalf to the effect that he, his father and his brothers, had gone down to the well just prior to the homicide for the purpose of watching said well, and as bearing out their contention that the deceased had polluted the well in the manner above mentioned. The court, in qualifying this bill, states that what was sought to be shown by the doctor's testimony was unknown to the appellant at the time of the homicide, and hence was inadmissible. We fail to see any merit in the appellant's contention in this instance, and are of the opinion that there is no error shown in the exclusion of this testimony.

The appellant, in his brief, contends that the court erred in failing to charge the jury on the law of self-defense as applied to himself. The court fully charged the law on appellant's defense of his father, but did not charge on the appellant's right of self-defense individually. The failure to so charge was not objected to by the appellant before the main charge was read to the jury, as required by the statute and the decisions of this court. This being the case, this court is without authority to consider this complaint.

Art. 680, C. C. P., not only requires objections to the court's charge to be made before it is read to the jury, but, to be sufficient, same must distinctly specify each ground of objection complained of. Garner v. State, 99 Tex. Crim. Rep. 618, 271 S. W. 92; on rehearing; Woodell v. State, 103 Tex. Crim. Rep. 86, 279 S. W. 840.

Finding no reversible error in the record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an able and exhaustive motion, reviewing most of the points decided by us in our original opinion. He again insists that the State's Attorney purposely and intentionally made mention of the fact that appellant had not taken the witness stand, and that this was such reference to the failure to testify on the part of appellant, as would

call for a reversal. The incident occurred when the second witness for the appellant was on the stand testifying. He had given evidence at length and when nearing the end of his direct examination was asked the question by appellant's attorney if he knew the reputation of appellant for being a peaceable, law-abiding citizen. Bill of exceptions No. 1 reserving this point shows that the State's Attorney objected to this question on the ground that appellant had not taken the witness stand and therefore the testimony was not competent. The learned trial judge in his qualification to this bill certifies it as a fact that the attorney made this objection under the impression that the question asked of the witness related to the appellant's reputation for truth and veracity, and as soon as he learned that the question related to the reputation for peace and quietude the objection was withdrawn. A somewhat similar question arose in the case of Bosley v. State, 69 Tex. Crim. Rep. 100, 153 S. W. 880; also in Deal v. State, 99 Tex. Crim. Rep. 385, 269 S. W. 433, in which we seem to have held that the testimony not having closed at the time the statement complained of was made, it could not be held a reference to the failure of the defendant to testify. It can not be determined until the testimony has closed whether the accused is going to take the witness stand or not. We do not think the trial court erred under the facts in classifying the reference as incidental and in holding the matter not such as should have called for a new trial.

We are not inclined to attach that degree of importance to the matter complained of in bill of exceptions No. 2, which appellant ascribes to it. It appears that appellant's father, Ed Blackwell, had been tried for complicity in the same affair, and that a witness who gave testimony in the trial of the father, was testifying in the instant trial, and had made reference to something she had formerly stated. While appellant's attorney on cross-examination was having the witness repeat over and over that she had testified in this case before, it was suggested by private prosecution to the witness that she had testified only in the Ed Blackwell case. We think each counsel should abstain from interruption or suggestion while a witness is being examined by opposite counsel, but unless the result appear to be serious we would not hold it reversible error. Doubtless, in the matter under discussion, if the State's Attorney had waited until the cross-examination had been finished, and then called the attention of the witness to the fact that she was mistaken in thinking she had testified in this same case, she would have corrected the matter and practically the same result would have been obtained.

That Ed Blackwell, father of appellant, was an active partici-pant in the transaction in which this homicide took place, is apparent from the record. The homicide was at night, and deceased was shot with a small-caliber rifle, and apparently the fact that he was fatally wounded was not immediately ascer-tained. Later that night a party went back to the scene and looked for weapons. It was in evidence that following an inter-cation with Ed Blackwell, father of appellant, deceased ran away and made a circle and came back and the difficulty was renewed. The defense injected into this trial the proposition that deceased had a pistol. One of appellant's brothers, testi-fying in his behalf, stated that just before the shooting he saw a pistol in the hand of deceased. It was also in testimony that a pistol was found on the ground over or near which deceased went during the difficulty. The state introduced testimony strongly tending to show that the pistol found on the ground was not at the place where found until Ed Blackwell passed by, and that almost immediately after he went by said place the pistol was found there. Witnesses testified that the pistol found was not the pistol of deceased. We see no error in permitting a wit-ness to testifying that he had seen Ed Blackwell with a pistol, the handle of which was similar to the one found on the ground. We think bill of exceptions No. 3 presenting complaint of the admission of this testimony shows no error.

Appellant renews at length his complaint of our decision of the point made in his bill of exceptions No. 5, viz.: That the court should have given a charge with special reference to his right of self-defense not being limited by the fact that appel-lant's father, Ed Blackwell, pursued the deceased in the difficulty. We find nothing in the court's charge limiting appellant's right of self-defense in any way. On the facts we find nothing therein to call for the charge deemed necessary by appellant in this regard. The testimony of appellant's father and brother appears. They were both eye witnesses. Appellant did not tes-tify. According to the father and brother of appellant, the father went to the church where the homicide occurred, leaving appellant and his other sons at or near a well some distance from the church. When the father reached the church deceased came out and words ensued between him and appellant's father, the latter claiming that deceased had a knife in his hand. Deceased fled around the church, appellant's father pursuing him. They went practically around the church when, according to the father's testimony, deceased got so far ahead of him that he ceased his pursuit and started back out toward where appellant and his brothers were. Other parties had come out of

the church. Appellant's father began to talk to them. About this time he says deceased came up with an opened knife in his hand and began advancing upon him. Appellant and his brothers had approached the church. One of appellant's brothers handed to their father a wagon spoke with which he struck the arm of deceased and apparently knocked the knife out of his hand. He then struck deceased several blows with his fist, and the latter reached for a rock and with it struck appellant's father. This is the substance of the testimony of appellant's brother and father. At about this juncture appellant, standing some steps away, fired with a 22-caliber rifle, striking deceased. We see nothing in these facts demanding of the court any charge on the right of the father of appellant to pursue deceased. Appellant does not testify or seem to predicate his killing of deceased upon the fact that his father pursued deceased around the house. Nor does the testimony of any other witness suggest that that fact in anywise affected appellant. The pursuit of deceased by appellant's father had ended, and another attack by deceased upon the father had taken place and that had ended, and a subsequent attack upon said father with a rock had taken place,—according to the testimony of appellant's witnesses,— before the shooting took place. We do not regard the bill of exceptions as presenting any serious complaint.

Appellant again insists that the court should have charged on his right to defend himself. While the evidence suggests that the whole difficulty grew out of animosity and feeling between appellant and deceased some time prior to the occurrence at the church on the night in question, we find nothing in the evidence suggesting that deceased was making any attack upon appellant which caused or contributed in any way to the shooting. We have gone over the entire contentions made by appellant but think same to be without merit.

The motion for rehearing will be overruled.     *Overruled.*
Presiding Judge Morrow not sitting.