G. L. COUSINEAU v. THE STATE.

No. 11446.   Delivered June 20, 1928.
Appeal reinstated October 24, 1928.

The opinion states the case.

*A. R. Anderson* of Post for appellant.

*Black & Graves, Robert M. Turpin* and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is unlawfully practicing medicine; the punishment a fine of fifty dollars.

The caption fails to show the date of the adjournment of the trial court. Under the decisions of this court the appeal must be dismissed. Yarborough v. State, 273 S. W. 842; Lowery v. State, 244 S. W. 147, and authorities cited.

The appeal is dismissed. Appellant is granted 15 days from this date in which to correct the omission.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—The caption having been corrected the judgment of dismissal heretofore entered is set aside and the appeal reinstated. Conviction is for violating the Medical Practice Act, punishment being assessed at a fine of $350.00 and one day's confinement in the county jail.

It was alleged in the information that appellant resided in Garza County, and that he practiced medicine therein for pay without first registering with the district clerk of said county his authority to so practice.

Appellant had been duly authorized to practice medicine in California and other states. He was a graduate of a medical college. Appellant testified that he did not reside in Garza County, but was merely temporarily in said county for the purpose of entering into consultation upon the case of Sam D. Philpott with Dr. M. E. Corbin, who was a practicing physician in Garza County. Dr. Corbin and other witnesses testified to the fact that appellant had not opened an office or appointed a place in Garza County where patients might be met. Dr. Corbin further testified that he had called appellant in consultation on Mr. Philpott's case. It was undisputed that appellant had not registered his authority to practice medicine in Garza County. The state's testimony tended to show that appellant had been practicing medicine generally in Garza County for several weeks, the appointed place for meeting patients being Dr. Corbin's office and the hotel at which appellant was stopping. Whether appellant resided in Garza County was a closely contested issue. It was incumbent upon the state to establish beyond a reasonable doubt the fact that appellant resided in said county. The failure of the court to submit the issue in the main charge was timely and properly

excepted to and two written requested charges on the subject were submitted by appellant and refused. Proper exception was taken. The court gave a charge on the subject at the request of the state, which read as follows:

"You are instructed as a part of the law of this case that by the term 'reside' as used in the court's charge is meant and does mean where one resides permanently or for a considerable time as having a settled abode, for a time. You are instructed that if you find the defendant G. L. Cousineau did not reside at the time alleged in the information permanently or for a considerable time in Garza County, Texas, and did not have a settled abode, you cannot convict the defendant and will say by your verdict not guilty."

Appellant excepted to the foregoing charge as follows:

"Defendant objects and excepts to special charge Number 2 requested by the state and granted by the court for the reason that the same is on the weight of the testimony and is an incorrect definition of the term 'reside' and shifts the burden of proof and fails to give the defendant the benefit of a reasonable doubt as to such issue."

The term "reside" seems to have been properly defined in said special charge. Less v. State, 246 S. W. 382. However, said charge is subject to the objection that it shifted the burden of proof and failed to give appellant the benefit of the reasonable doubt. The charge requested by appellant read as follows:

"You are charged as a part of the law of this case that the burden is upon the state to establish by the evidence beyond a reasonable doubt that at the time alleged in the indictment the defendant resided in the county of Garza and if you have a reasonable doubt as to whether the defendant at the time alleged in the indictment did so reside in the county of Garza you will return a verdict of not guilty."

As hereinbefore indicated, the court refused to give this instruction. The state admits that the instruction requested by appellant was correct, but contends that under the charge as a whole the jury must necessarily have found beyond a reasonable doubt that appellant resided in Garza County. We are unable to agree with this contention. As we understand the record the only charge on the subject was that contained in the state's requested instruction Number 2, which, as before stated, shifted the burden of proof and failed to give appellant the benefit of the reasonable doubt. We are constrained to hold, in view of the record, that prejudicial error was committed.

As shown by Bill of Exception Number 2, a witness for the state testified that appellant had upon one occasion given her a serum which he claimed to be a preventative for mumps. The state later called a practicing physician who testified, over proper objection, that as far as he knew there was no preventative for mumps. We are unable to discern the relevancy and materiality of this testimony. It could only have the effect, it would seem, of impressing the jury with the fact that appellant was not a reputable physician and was dishonest with those whom he treated. While it was error to admit the statement complained of, the fact that, without objection, the state was permitted to prove the same matter by another physician places appellant in no position to insist that a reversal should follow.

The other questions presented are not likely to arise on another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.