JESS HOLDER v. THE STATE.

No. 12390.   Delivered March 20, 1929.
Appeal re-instated May 1, 1929.
Rehearing denied June 26, 1929.

The opinion states the case.

*Dial & Brim* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year and six months.

The caption fails to show the date of adjournment of the trial court. Under the decisions of this court the appeal must be dismissed. Lowery v. State, 92 Tex. Cr. Rep. 311, 244 S. W. 147; Yarborough v. State, 100 Tex. Cr. Rep. 480, 273 S. W. 842; Cousineau v. State, 10 S. W. (2d) 98.

The appeal is dismissed. Appellant is granted 15 days from this date in which to perfect the record in the respect mentioned.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION TO RE-INSTATE APPEAL.

The defect in the caption having been corrected, the appeal herein will be re-instated.

We think it permissible to show that appellant influenced and aided witnesses against him in leaving the country and refusing to go before the grand jury. Clifton v. State, 46 Texas Crim. Rep. 22; Maines v. State, 23 Texas Crim. App. 568; Hardin v. State, 55 Texas Crim. Rep. 634; Askew v. State, 59 Texas Crim. Rep. 152.

We have carefully examined bills of exception Nos. 1 and 3 and deem the objections of appellant to the testimony therein referred to, not tenable.

Bill of exceptions No. 2 complains that a witness was asked, and over objection stated, that when before the grand jury he told the truth. Nothing in the bill shows what testimony he gave before the grand jury, save in the most indirect manner. We can not appraise such a bill.

Bill of exceptions No. 4 is plainly multifarious. If same was written in the form it appears, for the sake of leading up to the matter last therein objected to, it would be of no avail to appellant, because there appears in the bill no answer given by the witness to the question last set out and objected to. A witness who testified for the State that he had gotten whisky from appellant, was asked on cross-examination if he had not been put in jail and

kept there for several days before he was brought before the grand jury; and if he had not said to certain persons in effect that he was forced to make statements against appellant in reference to the alleged sale of whisky. Objection was made to the State asking this witness on redirect examination if what he told the grand jury was the truth. We perceive no error in this matter. The sole object of the cross-examination of this witness was to lead the jury to believe that he had not told the truth. If the defense might develop from the witness an admission which in the estimation of appellant raised the inference of untruth, we think the State might ask the same witness the direct question and have him to state that what he told was the truth.

The issue in the case was as to appellant's possession of whisky at a time and place referred to. Bill West swore that he and Curtis Holcomb bought a quart of whisky at said time and place from appellant, which he poured out of a half gallon jar. West swore that while they were getting this quart of whisky Irvin Simpson and George Pitman came up and that he and Pitman bought from appellant the other quart. They left appellant, he and Pitman on one horse, Holcomb and Simpson on another. They took the whisky by a gin, where they seem to have gotten other parties with them, on down to a creek where they had a sort of supper. Humes and Biggerstaff were with them at this place where they ate some goods they had bought and drank the whisky. Holcomb corroborated West in his testimony concerning the transaction. Irvin Simpson was called by the defense and swore that at the time and place where West said he got whisky he and Pitman came upon a party composed of appellant, West and Holcomb. He also said at a certain time during their presence there he walked off to where some horses were tied. Presently he, West, Pitman and Holcomb, on the horses mentioned, rode to the gin. He noticed a bulk of something in West's bosom as they went along. He said from the gin they went down on a branch and had supper. He testified that here he saw whisky in possession of West who had a half gallon jar with about a quart of whisky in it. Biggerstaff, also a witness for the defense, swore that he was at the "feed" down on the branch at the time mentioned. He says "We all had some whisky down there." Pitman did not testify, but was shown to be living in the community. Under these facts we see no error in the action of the state's attorney in his argument to the jury in saying, "Did they have whisky down there? That is undisputed; that is undenied, isn't it?" The

bill of exceptions complaining of this matter does not set out the ground of the objection, and we confess that we see none. If it is intended to complain of the argument as a reference to the failure of appellant to testify, it would find no support because of the fact that two of the defense witnesses swore "They had whisky down there," and one available witness, viz: Pitman, was not used. The qualification to this bill sets out further that no objection was made to such argument when made, and no exception was then taken. Simmons v. State, 93 Texas Crim. Rep. 421; Harris v. State, 93 Texas Crim. Rep. 544; Hicks v. State, 97 Texas Crim Rep. 373; Sears v. State, 106 Texas Crim. Rep. 219; Blackwell v. State, 107 Texas Crim. Rep. 63; Ross v. State, 277 S. W. Rep. 667; Salinas v. State, No. 11306, opinion February 13, 1929, not yet reported. We have examined bills of exception Nos. 10 and 12 and find nothing in them calling for any discussion. The evidence seems ample to support the judgment.

The judgment will be affirmed.

*Affirmed.*

MORROW, P. J. not sitting.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains that we did not consider his bill of exception number seven. As a circumstance of guilt the State was proving that appellant had fled or was evading arrest. The bill in question shows that the witness Reneau testified that appellant started a crop but did not finish it. On cross-examination it was developed that this witness knew nothing about the crop except from hearsay and the court declined to withdraw Reneau's testimony, to which action exception was reserved. It was in evidence from other witnesses that appellant did in fact start a crop and abandon it. This fact was developed on cross-examination from the appellant's own witness Pennington. The hearsay testimony of Reneau would not appear of such moment as to demand serious consideration.

We have given attention to all other matters urged in appellant's motion and have failed to find any error upon which a reversal could properly be predicated.

The motion for rehearing is overruled.

*Overruled.*