MARION SEATON v. THE STATE.

No. 12389. Delivered March 27, 1929.
Rehearing granted April 17, 1929.

302

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manslaughter; the punishment confinement in the penitentiary for five years.

The caption fails to show the date of adjournment of the trial court. Under the decisions of this court the appeal must be dismissed. Lowery v. State, 244 S. W. 147; Yarborough v. State, 273 S. W. 842; Cousineau v. State, 10 S. W. (2d) 98.

The appeal is dismissed. Appellant is granted fifteen days from this date in which to perfect the record in the respect mentioned.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## OPINION.

CHRISTIAN, JUDGE.—The record having been perfected, the judgment of dismissal is set aside, the appeal is reinstated, and the case considered on its merits.

This is the second appeal of the case. See Seaton v. State, 1 S. W. (2nd) 881.

The deceased, Sweeden, was a brother-in-law of appellant. The wife of deceased, who is appellant's sister, had reported to appellant

that deceased and the daughter of deceased by a former marriage had mistreated her. According to appellant's testimony, when he asked deceased about the matter deceased attempted to draw a pistol from his bosom and, believing his life in danger, he shot and killed deceased. His testimony was corroborated by some of the eye-witnesses. Other witnesses testified that deceased made no attack on appellant, and declared that deceased was not armed at the time appellant shot him. A pistol belonging to deceased was found under his body. Appellant was left-handed. Deceased was right-handed. The issue of self-defense was submitted to the jury.

After appellant had proved that deceased's pistol was found under his body, the State called the witness Pat Oliver, Sheriff, who testified to long experience in handling pistols. This witness minutely described the position in which he found the pistol of deceased, and demonstrated in the presence of the jury the position of the pistol and the body of the deceased at the time the witness reached the scene of the homicide. After thus attempting to qualify the witness, the State asked the witness if in his opinion a right or left handed man pushed the pistol under the body of deceased. Over proper objection the witness answered that it was his opinion that a left-handed man placed the pistol under deceased's body. The answer of the witness supported the State's theory that deceased was unarmed at the time appellant shot him, and that appellant had secured the pistol of deceased from another room in the house and placed it under the body of deceased in an effort to fabricate a defense. We take it that on proof of the facts as to the position of the pistol, the jury would have been as competent to determine whether or not it had been placed under the body of deceased by a left-handed or right-handed man. This was not a matter for expert testimony. The facts should have been proved and the jury left to form their own opinion. The opinion of the Sheriff was inconsistent with appellant's theory of self-defense. It tended to show that his defense was fabricated. Its reception in evidence cannot be said to have been without prejudice to appellant. It may have turned the scales against him. It is the rule that if the jury is as competent to form an opinion as the witness, it is error to permit the witness to give his opinion. Branch's Annotated Penal Code of Texas, Section 131; Hardin v. State, 49 S. W. 607. It is deducible from the authorities that in cases where the opinion of the witness is admissible it must not be merely speculative, but must involve knowledge which may or may not amount to a certainty. Hardin

v. State, supra. In Cooper v. State, 23 Texas 331, we find the following quotation:

"On questions of science or skill or trade, persons of skill in these particular departments are allowed to give their opinions in evidence; but the rule is confined to cases in which, from the very nature of the subject, facts disconnected from such opinions cannot be so presented to a jury as to enable them to pass upon the question with the requisite knowledge and judgment. * * * The general distinction is that the jury must judge of the evidence for themselves, but that, wherever the question depends on the exercise of peculiar skill and knowledge that may be made available, it is not a decision by the witness on a fact, to the exclusion of the jury, but the establishment of a new fact, relation or connection, which would otherwise remain unproved."

In commenting on the foregoing quotation, the Court in Cooper v. State, supra, said:

"An examination of the cases in which the opinions of witnesses have been admitted in evidence will show that in every well considered case and in the decisions of all courts of high authority, the principles asserted in the foregoing quotations have been adhered to with much fidelity. Where the question is purely one of skill or of science, the skillful or scientific witness gives his opinion,—not a mere speculative opinion, but an opinion which, in some cases, may amount to absolute or certain knowledge; in other cases, is knowledge not amounting to absolute certainty, but supported by facts, by observation, by knowledge of the properties of things, of the effects of one thing upon another, of the relations of things, by the known and established laws of physics, or the like. There are also cases where the question is not one of science or skill in which witnesses are permitted to express their opinions; and in these cases the witnesses need not be men of skill or science. In these cases, too, the opinion given is not a speculative opinion, but is knowledge which may amount to certainty, or may not."

In the light of the principles controlling the reception of the opinion in question constituted reversible error.

We fail to find reversible error in the other questions presented.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.