## L. M. TERRY v. THE STATE.

No. 12243.   Delivered March 27, 1929.

The opinion states the case.

*H. E. Lobdell of Decatur* and *W. R. Parker of Fort Worth,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for three years.

The caption fails to show the date of adjournment of the trial court. Under the decisions of this court the appeal must be dismissed. Lowry v. State, 92 Tex. Cr. Rep. 311, 244 S. W. 147; Yarborough v. State, 100 Tex. Cr. Rep. 480, 273 S. W. 842; Cousineau v. State, 10 S. W. (2d) 98.

The appeal is dismissed. Appellant is granted fifteen days from this date in which to perfect the record in the respect mentioned.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, Judge.—The record having been perfected, the judgment of dismissal is set aside, the appeal is reinstated and the case considered on its merits.

Appellant ran a filling station. State's witnesses testified that they went to the filling station on the 25th of Sepember, 1927 and bought a pint of whisky from appellant, paying him two dollars therefor. They testified that they drove to the filling station and told appellant that they wanted the whisky and that appellant went into the house and later came back with a bottle of whiskey in a paper sack. One of the witnesses testified that a man whom he did not know was standing about 40 feet from the place where the transaction with appellant was had. Appellant offered no testimony on the trial of the case.

Appellant complains of the action of the court in overruling his first application for a continuance. His motion for new trial was based in part on the action of the court in overruling said application. Appellant used due diligence to secure the attendance of the witness, C. P. Sanders, it appearing from the record that process had been duly issued and that the witness had been served in time to have been in attendance upon the court on the day appellant's case was called for trial. When the case was called for trial the trial court directed an attachment to issue for the witness. The attachment was issued but the witness could not be found. It was averred in the application that the witness would testify if present that he occupied a room in the house where the state would claim

appellant procured the whiskey; that appellant did not possess whiskey on the day the sale was alleged to have been made; and that appellant did not sell the witnesses any whiskey on said occasion. Appended to the motion for a new trial was the affidavit of the witness, which in substance stated that the affiant was present near appellant's place of business at the time the state's witnesses testified that they bought whiskey from appellant; that after conversing with appellant for a few minutes the witnesses got into their automobile and left; that appellant did not sell the witnesses any whiskey on the occasion in question; that the witness was in a position to have witnessed the transaction if it had occurred; and that no such transaction took place.

The absent testimony was material, and, in our opinion, viewed in the light of the entire record is of such character that it might have produced a different result had the new trial been granted.

It is the rule that if diligence is shown and the absent testimony appear material and probably true and is of such character as that a different result might be produced thereby on another trial, that the new trial should have been granted. Tubb v. State, 5 S. W. (2d) 150.

Believing that the learned trial judge fell into error in overruling appellant's motion for a new trial, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*Reversed and remanded.*

HAWKINS, J., absent.