JOHNNIE CORNELL V. THE STATE.

No. 20495. Delivered November 8, 1939.
On Motion to Reinstate Appeal December 20, 1939.

The opinion states the case.

*Williford, Williford & Bond,* of Fairfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft of hogs; the punishment, confinement in the penitentiary for two years.

The caption fails to show the date of the adjournment of the trial court. Under the decisions of this Court, the appeal must be dismissed. Holder v. State, 18 S. W. (2d) 661.

Appellant is granted fifteen days from this date to perfect the record in the respect mentioned.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

GRAVES, Judge.

This cause having been dismissed on account of a defect in the caption thereof, such has been now shown to have been an inadvertence upon the part of the district clerk, who has filed a supplemental transcript remedying such defect, and this cause is reinstated and we proceed to consider the same upon its merits.

Appellant's bill of exceptions No. 1 complains of the introduction of a conversation had with a deputy sheriff in Dallas County, such deputy being the one who finally arrested appellant and his brother for the theft of these hogs. It appears from the bill's qualification that the conversation here complained of took place prior to any arrest upon the deputy's part, and it also appears that the main testimony given by such deputy was also given to the jury by appellant when he took the witness stand in his own behalf. Practically the only testimony com-

plained of in this bill is that appellant told such officer that the three hogs that the State contends were the stolen hogs belonged to appellant. As suggested above, appellant so testified himself upon his trial, and we see no reason to think that he was injured by allowing the deputy to testify to the conversation had at Dallas, which was in substance to the same effect.

Bill of exceptions No. 2 complains of the court's failure to embody in his charge to the jury appellant's requested instruction to the effect that if they believed, or had a reasonable doubt thereof, that the hogs in question had been purchased by appellant and his brother from two other parties than the complaining witness Cannon Moore, then to acquit the appellant. We find that in paragraphs eight and nine of the charge the court gave, in substance, practically the requested charge, and we see no error herein reflected.

We are not impressed with the merit of matters contained in bills Nos. 3, 4, 5, 6 and 7, and they are overruled.

Appellant also complains of certain alleged misconduct of the jury. The court heard testimony relative thereto and overruled such complaint. This is usually a matter for the discretion of the court. However we have carefully read the testimony of the jurors taken on the hearing of the motion for a new trial, and must confess we see no grounds for a complaint of misconduct upon their part.

We have carefully considered all bills and same are deemed to be without merit, and are overruled.

Finding no error in the record, the judgment is affirmed.